IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| AARON MOSES,<br>Reg. No. 09534-509 | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:25-CV-289-WKW |
| | ) | [WO] |
| WARDEN WASHINGTON, | ) | |
| | ) | |
| Respondent. | ) | |

## **ORDER**

Petitioner Aaron Moses, proceeding *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.  At the time of filing, he was incarcerated at the Federal Prison Camp in Montgomery, Alabama.[1]  In his petition, he claims he has been denied earned time credits under the First Step Act of 2018 and Second Chance Act of 2007.  Petitioner seeks an order awarding him these credits, which he claims would have entitled him to prerelease custody in May 2024.  (Doc. # 1.)

His petition is deficient, however, because it lacks a signature under penalty of perjury, as required by Rule 2(c) of the *Rules Governing Section 2254 Cases in*

---

[1] The Federal Bureau of Prisons inmate database reflects that to date, Petitioner remains in custody at the Montgomery Federal Prison Camp.  *See* https://www.bop.gov/inmateloc/ (last visited June 27, 2025).

*the United States District Courts*.[2]  To permit Petitioner to correct this deficiency, the court entered an Order on April 28, 2025, setting a deadline of May 12, 2025, for him to file an amendment to the Petition demonstrating that the allegations are signed under penalty of perjury.  (Doc. # 2.)  The Order also warned Petitioner that if he did not comply with the Order, his petition would be dismissed for failure to prosecute and comply with an Order of the Court, without further notice.  (*Id.*)  The Order has not been returned to the court as undeliverable.

To date, Petitioner has neither complied with nor responded to the April 28th Order.  As warned, this petition will be dismissed without prejudice.  *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted).  Courts have long held the authority to impose sanctions for failure to prosecute and to comply with court orders, as recognized by Rule 41(b) of the Federal Rules of Civil Procedure.  *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962).  This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  *Id.*  It also empowers courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."

---

[2] Rule 2(c) applies to 28 U.S.C. § 2241 petitions under Rule l(b) of the *Rules Governing Section 2254 Cases in the United States District Courts*.  *See also* 28 U.S.C. § 2242 (requiring that a § 2241 petition be "signed and verified by the person for whose relief it is intended").

*Id*. at 630–31.  Dismissal as a sanction, however, "is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'"  *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)).

In this instance, Petitioner's failure to comply with the April 28th Order—despite its express directive and warning—demonstrates a clear record of delay and willful disregard of the court's authority, and no sanction short of dismissal without prejudice would be adequate.

Based on the foregoing, it is ORDERED that the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 is DISMISSED without prejudice.

Final judgment will be entered separately.

DONE this 27th day of June, 2025.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE
